MICHAEL FANNING *v.* ABRAHAM LENT and GEORGE C. MULFORD.

Where the record of a judgment entered in a district or justice's court, appears upon appeal to be plainly erroneous, being in form against two defendants when the return shows that the plaintiff at the trial discontinued his action as to one of them; *quere*, whether this court has power to correct the error by conforming the judgment to the evident intention of the justice?

In any event, a judgment so docketed will not be permitted to stand.

In an action for negligence, brought by the owner of a wagon against L. and M. as the proprietors of a stage; the plaintiff's son testified that two gentlemen with whom he was wholly unacquainted, called upon the father and conversed upon the subject, one of whom answered to the name of L. and wished the wagon sent to his place to be repaired, and both "were satisfied that it was their stage" by which the injury was caused. *Held*, that there was no sufficient identification to warrant a recovery against the defendants or either of them.

THE defendants were sued in the Sixth District Court, as the proprietors of a line of stages, for injuries to a wagon owned by the plaintiff, caused, as was alleged, by the negligence of the defendants' driver. The return certified that at the close of the testimony "the plaintiff rested and discontinued against the defendant Mulford, and the defendant moved for a nonsuit, which motion was denied, when the case was submitted." It then appeared that judgment was rendered for the plaintiff against both of the defendants, who thereupon prosecuted this appeal.

It is unnecessary to add to the statement of the evidence contained in the opinion.

*George Defandorf*, for the defendants.

*James B. Sheys*, for the plaintiff.

BY THE COURT. WOODRUFF, J.—This judgment is plainly

Fanning *v.* Lent.

wrong upon the face of the return, and irrespective of any examination of the evidence. The return of the justice states, that it being an action brought against the two defendants jointly for the negligence of their servant, he suffered the plaintiff to discontinue as to the defendant Mulford, and yet that the judgment was finally entered up and docketed against both.

By whatever mistake or misapprehension this occurred, it was erroneous. If it be conceded that the justice had power to permit such a discontinuance, and thereupon to render judgment against Lent only, without awarding judgment in Mulford's favor, and giving to him his costs in the action, clearly the record is erroneous, and the judgment as entered and docketed cannot be permitted to stand.

But without considering the question whether we have power on appeal to reform the judgment so as to correspond with the intention of the justice, as shown by his return, we are satisfied that there is no evidence in the case which can sustain a judgment against either of the defendants.

Assuming that the plaintiff sufficiently proved that his wagon was injured by the carelessness of a person who was driving a stage, the only evidence that either of these defendants was responsible was that of the plaintiff's son, who testified that two gentlemen called upon his father and conversed on the subject, and one of them answered to the name of "Lent," and that the latter wished the wagon sent to his place to be repaired, and both were satisfied that it was their stage by which the injury was caused.

This by no means identified the defendants as owners of the stage. The witness does not intimate that he is acquainted with the defendants, or either of them, and it is hardly necessary to say that a defendant cannot legally be charged with liability because some person who assumes to answer to the same surname is shown to have admitted his liability.

It appears to us, also, that the proof did not warrant the recovery of so large a sum as was allowed as damages; but, upon the ground above stated, the judgment must be wholly reversed.

Judgment reversed with costs.